Morris S. Getzels, Esq. - State Bar #70947
MORRIS S. GETZELS Law Office
6047 Tampa Avenue, Suite 307
Tarzana, CA 91356-1176
Telephone (818) 881-5550
Facsimile   (818) 881-5558

Attorney for Plaintiff Alen Karaboghosian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| ALEN KARABOGHOSIAN<br><br>Plaintiff,<br><br>v.<br><br>City of Los Angeles, County of Los Angeles, LAPD Officer Doe Hoffman, Serial No. 38851, LAPD Officer Doe Campo, Serial No. 42746, LAPD Officer Doe Gonzalez, Serial Number 41715, and Does 1-10,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES** *(42 U.S.C. §1983)*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Alen Karaboghosian (hereinafter "Plaintiff" or "Alen Karaboghosian") hereby makes the following allegations in support of his Complaint:

## PARTIES

1. This is an action brought under 42 U.S.C. §1983 to recover damages against defendants for violation of Alen Karaboghosian's right to a telephone call after arrest, guaranteed under the First Amendment to the United States Constitution and his right to due process to be placed in jail in a protected POD for

1

COMPLAINT

Regional Center clients, and for other vulnerable or disabled persons who are incarcerated, guaranteed by the Fourteenth Amendment to the United States Constitution, when Alen Karaboghosian was detained by the City of Los Angeles Police Department and incarcerated by the Los Angeles County Sheriff's Department in the Men's Central Jail.

## JURISDICTION

2. The jurisdiction of this Court is based on 28 U.S.C. §§1331, 1343, and 1367.

## VENUE

3. Plaintiff Alen Karaboghosian is, and at all times mentioned in this Complaint was a citizen of the United States, and a resident of Los Angeles County, California.

4. Alen Karaboghosian is informed and believes and thereon alleges that all Defendants are all residents of Los Angeles County, and are all residents of the State of California.

5. All of the known events giving rise to this action occurred in Los Angeles County, California. Venue is therefore proper under 28 U.S.C. §1391(b).

## PARTIES

### PLAINTIFF

6. Alen Karaboghosian, at all times during the events alleged in this Complaint, was a resident of the County of Los Angeles, State of California. Alen Karaboghosian suffers from a cognitive disability known as mild intellectual disability (formerly called mental retardation) and has the intellect and cognitive abilities of a child. Because of his disability, Alen Karaboghosian is a client of the North Los Angeles Regional Center in Chatsworth.

### DEFENDANTS

7. Each named defendant is a natural person except for defendants City of Los Angeles, and the County of Los Angeles, which are governmental entities.

8. Plaintiff is unaware of the true identities and capacities of Does 1-10, inclusive except as capacities are alleged herein, and sues them under these fictitious names..

9. Plaintiff is also unaware of the true first names of defendant City of Los Angeles Police Department Officer Doe Hoffman, Serial Number 38851, City of Los Angeles Police Officer Doe Campo, Serial Number 42746, and City of Los Angeles Police Officer Doe Gonzalez, Serial Number 41715, and for that reason sues those three defendants by fictitious first names.

10. Each of the fictitiously named defendants is in some manner and to some extent liable for the injuries alleged in this Complaint. Plaintiff is informed and believes that the Doe defendants were at all times material hereto, employees of either the City of Los Angeles or employees of the County of Los Angeles. Plaintiff will seek leave to amend this Complaint to allege the true identities and capacities of all fictitiously named defendants when they are determined.

11. At all times herein mentioned, each and every defendant herein had the legal duty to oversee and supervise the arrest and incarceration of Plaintiff. Each defendant, in doing the acts or in omitting to act as alleged in this Complaint, was acting under color of state law and was acting within the scope of his or her actual or apparent authority.

12. Defendant City of Los Angeles is, and at all times herein mentioned was an incorporated city and political subdivision of the State of California, duly organized and existing under the laws of the State of California.

13. Defendant County of Los Angeles is and at all times mentioned herein was a County and political subdivision of the State of California, duly organized and existing under the laws of the State of California.

14. Alen Karaboghosian is informed and believes and thereon alleges that at all times material hereto, that Defendant Doe Hoffman (hereinafter "Officer

Hoffman") was and is a City of Los Angeles Police Department Officer, who was acting in the course and scope of his employment, and that the Los Angeles Police Department Serial number for Officer Hoffman is 38851. Plaintiff is suing Officer Hoffman in his individual capacity.

15. Alen Karaboghosian is also suing Officer Hoffman in his official capacity.

16. Alen Karaboghosian is informed and believes and thereon alleges that Defendant Doe Campo was and is a Los Angeles Police Officer (hereinafter "Officer Campo") who was acting in the course and scope of his employment, and that the Los Angeles Police Department Serial number for Officer Campo is 42746. Plaintiff is suing Officer Campo in his individual capacity.

17. Alen Karaboghosian is also suing Officer Campo in his official capacity.

18. Alen Karaboghosian is informed and believes and thereon alleges that Defendant Doe Gonzalez was and is a Los Angeles Police Officer (hereinafter "Officer Gonzalez") who was acting in the course and scope of his employment, and that the Los Angeles Police Department Serial number for Officer Gonzalez is 41715. Plaintiff is suing Officer Gonzalez in his individual capacity.

19. Alen Karaboghosian is also suing Officer Gonzalez in his official capacity.

20. Alen Karaboghosian is informed and believes and thereon alleges that, at all times relevant to this Complaint, all the natural person defendants acted under the color of state law.

21. Defendants Does 1 through 4 at all times mentioned in this complaint, are agents of the City of Los Angeles, employed as City of Los Angeles Police Department members, whose identity and capacity within the City of Los Angeles Police Department is unknown to Plaintiff at this time. Plaintiff will seek leave of Court to amend this complaint when their identities become known to Plaintiff.

22. Defendants Does 1 through 4 were, at all times mentioned in this complaint, acting within the course and scope of their employment with the City of Los Angeles Police Department. Plaintiff is suing Defendant Does 1-4 in their official capacity.

23. Defendants Does 1 through 4, were at all times mentioned in this complaint, acting under color of state law.

24. Defendants Does 1 through 4 are each also sued in his or her individual capacity.

25. Defendant Doe 5 was and is the Detective in charge of Alen Karaboghosian's arrest who works for the City of Los Angeles Police Department. Defendant Doe 5 was at all times mentioned in this complaint an agent of the City of Los Angeles, employed by the City of Los Angeles Police Department as a Detective. Plaintiff is unaware of the true name of Defendant Doe 5, and therefore sues by this fictitious name. Leave of Court will be sought by Plaintiff to amend this complaint, when Plaintiff learns the true identity of Defendant Doe 5.

26. Defendant Doe 5, at all times mentioned in this complaint, was acting in the course and scope of his employment with the City of Los Angeles Police Department. Plaintiff sues Defendant Doe 5 in his official capacity.

27. Defendant Doe 5 was, at all times mentioned in this complaint, acting under color of state law.

28. Defendant Doe 5 is also sued in his individual capacity.

29. Defendants Does 6 through 9 are and were, at all times mentioned in this complaint agents of the County of Los Angeles employed at the Men's Central Jail, employed by the Los Angeles County Sheriff's Department. Plaintiff is unaware of the identities of Defendants Does 6 through 9 and will seek leave of Court to amend this complaint to substitute the real names of Defendants Does 6 through 9 when Plaintiff discovers them.

30. Defendants Does 6 through 9 were at all times mentioned in this

5

COMPLAINT

complaint, acting in the course and scope of their employment with the Los Angeles County Sheriff's Department. Defendant Does 6 through 9 are each sued in their official capacity.

31. Defendants Does 6 through 9, at all times mentioned in this complaint, were acting under color of state law.

32. Defendants Does 6 through 9 are also each sued in his or her individual capacity.

33. Defendant Doe 10 was, at all times mentioned in this complaint, an agent of the County of Los Angeles employed by the Los Angeles County Sheriff's Department in charge of a prisoner's assignment to a cell or POD in the Men's Central Jail in Los Angeles. Plaintiff is unaware of the name of the Defendant sued as Defendant Doe 10, and will seek leave of Court to amend this complaint, when the name is discovered.

34. Defendant Doe 10 was, at all times mentioned in this complaint acting in the course and scope of his employment with the County of Los Angeles Sheriff's Department. Defendant Doe 10 is sued in his or her official capacity.

35. Defendant Doe 10 was, at all times mentioned in this complaint, acting under color of state law.

36. Defendant Doe 10 is also sued in his or her individual capacity.

37. Plaintiff is informed and believes and thereon alleges, that there may be additional defendants whose names are unknown to Plaintiff at this time. Should Plaintiff discover or learn of the identity of additional defendants, Plaintiff will seek leave of Court to amend this complaint accordingly.

## FACTS

38. On or about September 25, 2019, Plaintiff Alen Karaboghosian was arrested by the City of Los Angeles Police Department on charges of assault.

39. On or about September 25, 2019, following his arrest, Alen Karaboghosian was initially held at the City of Los Angeles Police Department

West Valley Division Station.

40. During the entire time that Alen Karaboghosian was held at West Valley Division Station, Alen Karaboghosian made repeated requests to Does 1 and 2 to be given a working telephone so that he could make a telephone call. Despite Alen Karaboghosian's repeated requests to Defendants Does 1 and 2, Alen Karaboghosian was not permitted to make a telephone call.

41. Defendants Does 1 and 2 violated California Penal Code Section 851.5 in acting as set forth above, i.e., in refusing to furnish a working telephone to Alen Karaboghosian, so that he could exercise his constitutional right to a telephone call.

42. At no time while Alen Karaboghosian was in the Los Angeles Police Department West Valley Division Station, did Alen Karaboghosian ever see a sign that read "An arrestee has the right to free telephone calls within the local dialing area or at his own expense if outside the local area, to three of the following: (1) An attorney of his choice or if he has no funds, the public defender or other attorney assigned by the Court to assist indigents, whose telephone number shall be posted. This phone call shall not be monitored, eavesdropped upon, or recorded. (2) a bail bondsman (3) a relative or other person. There was no sign so stating in the Los Angeles Police Department West Valley Division Station or stating words to that effect. Moreover, there was no sign regarding the right to make a telephone call anywhere in the West Valley Division Station. Alen Karaboghosian is informed and believes that no such sign was posted anywhere in the West Valley Division Station.

43. Alen Karaboghosian was arrested by the Los Angeles Police Department at or about 1:30 a.m. on or about September 25, 2019.

44. Despite the lateness of the hour, when she learned that Alen Karaboghosian had been arrested, his sister-in-law Mary Karaboghosian gathered up documents concerning Alen's disability, including the fact that he was and is a

COMPLAINT

client of the North Los Angeles Regional Center, and his diagnosis of mild intellectual disability, demonstrating that he had the intellectual capacity of a child. Mary Karaboghosian went to West Valley Police Station.

45. When Mary Karaboghosian arrived at the Los Angeles Police Department West Valley Station, the entrance doors were locked.

46. Mary Karaboghosian knocked on the locked entrance doors to the Los Angeles Police Department West Valley Station and used a telephone by the door. The door was opened by a member of the Los Angeles Police Department, whose name is not known to Plaintiff.

47. Mary Karaboghosian showed her documents to the police officer who answered the door, and explained that her brother-in-law was in custody, was mentally disabled, was a client of the North Los Angeles Regional Center, and was at-risk in being incarcerated in a jail in the general population.

48. The police officer who had answered the door read and then took the documents, and said "this changes everything" or words to that effect. That police officer then said that he would make sure that the documents were given to the Detective in charge of the Alen Karaboghosian case, Doe 5, and would make sure that the Detective was aware of Alen Karaboghosian's disability.

49. On or about September 26, 2019, Alen Karaboghosian was transferred to the custody of the Los Angeles County Sheriff's Department and housed at the Men's Central Jail.

50. Plaintiff is informed and believes and thereon alleges that the Los Angeles Police Department did not communicate to the Los Angeles Sheriff's Department the nature or the extent of Alen Karaboghosian's disability.

51. Regardless of that, the County of Los Angeles had actual notice of Alen Karaboghosian's disability.

52. On the day that Alen Karaboghosian was transferred to the custody of the Los Angeles County Sheriff's Department, the North Los Angeles Regional

COMPLAINT

Center called the authorities at the Men's Central Jail and told them about Alen Karaboghosian's disability and his need for protection while in custody.

53. Further, on the day that Alen Karaboghosian was transferred to the Men's Central Jail, Mary Karaboghosian spoke to the Los Angeles Sheriff's Department, telling them about Alen Karaboghosian's disability and his need for protection in jail.

54. While in the Men's Central Jail, on or about September 26, 2019, Alen Karaboghosian asked for a working telephone so that he could make a telephone call. Defendants refused to furnish Alen Karaboghosian with a working telephone, so Alen Karaboghosian was deprived of his right to make a telephone call.

55. The Los Angeles County Sheriff's Department ignored the actual notice of Alen Karaboghosian's disability, and his need to be segregated from other prisoners for his protection, and instead placed Alen Karaboghosian in the General Population of the Men's Central Jail, on or about September 26, 2019.

56. That night Alen Karaboghosian was brutally attacked by four other prisoners. Alen Karaboghosian was severely beaten, and suffered injuries to his left eye, a broken nose, fractured ribs, a concussion and other bruises and injuries.

57. Alen Karaboghosian was so badly injured that he was transported that night to the USC/LA County Medical Center for examination and treatment.

58. Thereafter, Alen Karaboghosian was transferred to a protected pod in the jail where he should have been housed from the outset.

59. The Court subsequently ruled that Alen Karaboghosian was so mentally incompetent that he would not recover or achieve the necessary level of mental competence in time for his trial. The Court thereafter dismissed all charges against Alen Karaboghosian.

60. Alen Karaboghosian's left eye has not returned to normal, and his doctors believe he may need surgery.

61. Alen Karaboghosian still suffers from headaches brought on by the concussion that he suffered and other physical ill effects.

62. Alen Karaboghosian timely presented his government tort claims to the appropriate governing entities, the City of Los Angeles and the County of Los Angeles.

## COUNT ONE

## DELIBERATE INDIFFERENCE TO A SEVERE DISABILITY

63. Plaintiff hereby incorporates by reference Paragraphs 1-62 of this Complaint, as though each allegation therein was set forth in full herein.

64. In acting as alleged in this Complaint, Defendants Doe 5 and Doe 10 violated Alen Karaboghosian's right to protection from other inmates because Alen Karaboghosian has a severe cognitive disability, and violated his right to be free of cruel and unusual punishment, which was a violation of his right of due process guaranteed under the Fourteenth Amendment to the United States Constitution. In acting as alleged in this Complaint, Defendants Does 5 and 10 each acted with deliberate indifference to Alen Karaboghosian's serious disability and need to be segregated from other inmates while he was incarcerated, which need they knew about. Further, with that knowledge, those aforementioned Defendants knew there was a substantial risk that without protected custody in a pod for the disabled, Alen Karaboghosian would be harmed, and those aforementioned Defendants disregarded that risk. The choices the aforementioned Defendants made, which were to place Alen Karaboghosian in the General Population in the Men's Central Jail, were unacceptable under the circumstances and chosen in conscious disregard of Alen Karaboghosian's safety, health, and well being.

65. As a direct and proximate result of the acts of Defendants and each of them, depriving Alen Karaboghosian of his safety, health, and well being, described in this Complaint, Alen Karaboghosian has suffered both physical injury

and mental and emotional suffering.

66. In acting as is alleged in this complaint, Defendants and each of them acted knowingly, willfully, and maliciously, and with reckless and callous disregard for Plaintiff's federally protected right to be kept safe while incarcerated.

## COUNT TWO
## DENIAL OF CONSTITUTIONAL RIGHT TO A TELEPHONE CALL

67. Plaintiff hereby incorporates by this reference Paragraphs 1-62 of this Complaint, as though each allegation therein was set forth in full herein.

68. In acting as alleged in this complaint, Defendants Does 1-4 and 6-9 violated Alen Karaboghosian's right to make a telephone call after being arrested, which is provided for in California Penal Code Section 851.5, and guaranteed by the First and Fourteenth Amendments to the United States Constitution.

69. Plaintiff is informed and believes and thereon alleges that, in acting as alleged in this complaint, Defendants Does 1-4 and 6-9 each acted with the deliberate intent to deny Alen Karaboghosian his right to a telephone call.

70. As a direct and proximate result of Defendants' and each of them's deprivation of Alen Karaboghosian's right to make a telephone call, Alen Karaboghosian was damaged in that he was placed in the General Population in the Men's Central Jail, where he was savagely beaten.

71. In acting as alleged in the complaint, Defendants acted knowingly, willfully and maliciously, and with deliberate disregard for Plaintiff's federally protected right to make a telephone call.

## COUNT THREE
## FOR MUNICIPAL AND COUNTY LIABILITY

71. Alen Karaboghosian hereby incorporates Paragraphs 1-71 of this complaint as though each allegation therein was set forth in full herein.

72. This is further an action brought under 42 U.S.C. §1983 to recover damages against defendants the County of Los Angeles and the City of Los

Angeles for violation of Plaintiff's right to be kept safe while incarcerated and to make a telephone call after being arrested, which rights are guaranteed under the First and Fourteenth Amendments to the United States Constitution.

73. The jurisdiction of this Court is predicated on 28 U.S.C. §§1331 and 1343.

74. Defendants, the County of Los Angeles and the City of Los Angeles are, and at all times mentioned in this Complaint were: as to Los Angeles County, a county in the State of California, organized and existing under the laws of the State of California, with the capacity to sue and be sued; and as to the City of Los Angeles, a municipality organized and existing under the laws of the State of California, with the capacity to sue and be sued.

75. Defendants, the County of Los Angeles, and the City of Los Angeles were at all times mentioned in this Complaint, acting under color of state law.

76. Plaintiff is informed and believes and thereon alleges that he was subjected to a violation of his right to safety while incarcerated and his right to a telephone call after being arrested, under the First and Fourteenth Amendments to the United States Constitution, as a result of the customs, practices, and policies of Defendant the County of Los Angeles, and the customs, practices, and policies of the Defendant the City of Los Angeles.

77. Plaintiff is informed and believes, and thereon alleges that the County of Los Angeles has a custom, policy and practice to ignore the need and right of persons in its custody to be kept safe while incarcerated and the need and right of persons under arrest who are in its custody to make a telephone call. Plaintiff is further informed and believes that one of the customs and practices is to not post the sign concerning the right to telephone calls required by California Penal Code Section 851.5 in its correctional facilities, including Men's Central Jail, in a location visible to detainees. As a result of those customs and practices, Alen Karaboghosian was deprived of his right to be segregated from the general

population and his right to a telephone call, all to his damage as alleged hereinabove.

78. Plaintiff is informed and believes and thereon alleges that Defendant the County of Los Angeles fails to train their employees in correctional facilities, such as the Men's Central Jail, that arrestees have the right to make telephone calls and that disabled arrestees have the right to be segregated from the general population, and deliberately do not post the sign required by California Penal Code Section 851.5. Further, the County of Los Angeles shows deliberate indifference to a detainee's disabilities by failing to segregate from the General Population, disabled persons in their jails, including Men's Central Jail.

79. Plaintiff is informed and believes and thereon alleges that the City of Los Angeles has a custom, policy, and practice to ignore the need and right of persons in its custody to make a telephone call. Plaintiff is further informed and believes that one of the customs and practices is to not post the sign concerning the right to telephone calls required by California Penal Code Section 851.5 in its correctional facilities, including the Los Angeles Police Department West Valley Division Station. Further, the City of Los Angeles has a policy of not providing necessary information about its detainees to the Los Angeles County Sheriff's Department, as demonstrated by the failure to tell the Sheriffs about Alen Karaboghosian's disability, which Alen Karaboghosian is informed and believes and thereon alleges is the City of Los Angeles policy to not provide information about its detainees to the Los Angeles County Sheriff's Department when transferring detainees to the custody of the Los Angeles County Sheriffs Department, and to places of incarceration operated by the Sheriffs such as Men's Central Jail.

80. Further, Plaintiff is informed and believes and thereon alleges that Defendant, the City of Los Angeles policy makers know that detainees have the right, following an arrest, to make telephone calls and to have information about

them such as their disabilities given to the Los Angeles County Sheriff's Department when they are transferred to the Sheriffs' custody for incarceration. The City of Los Angeles has an inadequate training program to train its police department employees that following an arrest, the arrested person has the right to make telephone calls and the right to humane incarceration, and is deliberately indifferent to the aforesaid rights of its detainees, so that it does not adequately train its police department employees concerning the aforesaid rights. Moreover, Alen Karaboghosian was actually harmed by that failure to train because he suffered physical, mental, and emotional harm, as set forth above.

81. The customs, practices, and policies of defendants the County of Los Angeles and the City of Los Angeles described in this Complaint amounted to deliberate indifference to the rights of persons, such as the Plaintiff, who need and have the right to be segregated from the general population because of a disability, after being arrested, and who need to and have the right to make a telephone call after being arrested.

82. As a direct and proximate result of the aforesaid customs, practices, and policies of defendants, the County of Los Angeles and the City of Los Angeles, and the failure of the County of Los Angeles and City of Los Angeles to train their employees working in detention facilities, Alen Karaboghosian has suffered injury, loss, and damage, including physical injury, emotional distress, mental pain, and suffering; Alen Karaboghosian was deprived of his right to make a telephone call by both the City and County of Los Angeles, and denied his right to humane incarceration by both the City and County of Los Angeles. Alen Karaboghosian's damages as alleged in this Complaint, which are a deprivation of Alen Karaboghosian's Constitutional rights, are therefore caused by the policies, customs, and practices of the County of Los Angeles, and the City of Los Angeles.

83. As a result of the customs, practices, and policies of defendants, the County of Los Angeles and the City of Los Angeles, described in this complaint,

COMPLAINT

Alen Karaboghosian incurred and anticipates that he will incur, in the future, medical expenses in an amount according to proof.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

## ON COUNTS ONE, TWO AND THREE

1. For general damages, in an amount to be determined according to proof at trial, but within the jurisdictional amount recoverable in this Court;

2. For special damages in an amount to be determined according to proof, but within the jurisdictional amount recoverable in this Court;

3. For punitive damages against all Defendants except the County of Los Angeles and the City of Los Angeles, in an amount to be determined according to proof at trial, but within the jurisdictional amount recoverable in this Court;

4. For reasonable attorney's fees, pursuant to 42 U.S.C. §1988;

5. For costs of suit incurred in this action; and

6. For such other and further relief as the Court deems proper, just, or equitable.

Date: October 9, 2020

Respectfully submitted,

_/s/ Morris S. Getzels_____
Morris S. Getzels, Esq.
MORRIS S. GETZELS LAW OFFICE
Attorney for Plaintiff
Alen Karaboghosian

///
///
///
///
///
///

COMPLAINT

///

## DEMAND FOR JURY TRIAL

Plaintiff Alen Karaboghosian hereby demands a jury trial.

Date: October 9, 2020

Respectfully submitted,

*[signature]*

Morris S. Getzels, Esq.
MORRIS S. GETZELS LAW OFFICE
Attorney for Plaintiff
Alen Karaboghosian

COMPLAINT